TAYLOR, BASTROP & HOUSTON RAILWAY COMPANY V.
MRS. C. M. WARNER ET AL.

No. 325.

1. **Public Road, Under Article 4170, Revised Statutes.**

A travelled way, neither laid out nor maintained by order of the county commissioners, nor established as a public road by dedication and use, is not a public road in the sense of the statutes (article 4170b, Sayles' edition), and the duty does not rest upon a railway company to construct a crossing at the intersection of its road therewith ................................. 646

2. **Same—Charge.**

In suit for damages from injury from a defective crossing of a railroad at its intersection with a travelled road not a public county road under the statute, it was error to instruct the jury, that the statutory duty of protecting crossings of public county roads bound the railroad at other crossings; the place of injury not being a crossing of a public county road...... ....... 646

3. **Charge Inapplicable to the Facts.**

A charge correct when applied to crossings of the railway upon public county roads, was calculated to mislead the jury when given in a contest from an injury at a crossing of a road not public under the statute. An erroneous charge is presumed to have operated to the injury of the party against whom it is given, unless the contrary appears from the record ............ 647

4. **Road in Construction—Liability.**

If the railway crossing is upon a public county road, the railway company would be liable for the negligence of contractors making the crossing, whether such contractors were under its control or not. The railway could not devolve a duty upon another so as to escape a liability............... 648

5. **Crossing Not at Public Highway.**

If the railway company constructed a crossing at the intersection of its road with a travelled way not a public highway, it was an invitation to the public to use the crossing as a public highway; and the railway company would be liable for negligence in the performance of that act for safety of such crossing. This would be a common law liability, not statutory...... 648

**6. Photograph in Evidence.**

In action for damages for negligently causing the death of the infant child of plaintiff, it was competent in evidence of its probable future growth to exhibit in evidence a photograph of the child. The child at its death was 7 years old, and the photograph was taken at 5 ........................ 649

Error to Court of Civil Appeals for First District, in an appeal from Fayette County.

The facts are fully disclosed in the opinion.

*Brown, Lane & Jackson,* for plaintiff in error.—1. The railway company is not responsible for the negligent act of an independent contractor resulting in death, although it had furnished an engineer to superintend the general progress of the construction of its road. Turner v. Cross, 83 Texas, 224.

2. Article 4170, Revised Statutes, giving "the right to construct across * * * any highway," and imposing the duty to "restore the highway thus intersected to its former state, * * * and keep such crossing in repair," applies only to such roads and ways as are vested in the public; and not to those which, at the sufferance of the land owner, are used for a time by the public, but not dedicated by him to such use. Railway v. Montgomery, 85 Texas, 64.

Subsidiary propositions.—1. The construction of a railroad in accordance with the statute and charter powers of a railroad company is a lawful act, and does not in itself involve the commission of a wrong, so as to render the railway company liable for an independent contractor's wrongful act, which is collateral to the main undertaking.

2. Where a railway is constructed across a road which is not a public highway within the meaning of article 4170, Revised Statutes, the railway company owes no statutory duty incident to its power of eminent domain to construct and maintain a crossing at the intersection, so as to make it liable for an independent contractor's failure to comply with the statute at this point.

3. The common law rule, that he who invites others on his premises must keep the premises reasonably safe for those who accept the invitation, only applies when the invitation was extended by the person sought to be held, or by his servants, and does not affect such person when the invitation was extended by independent contractors or their servants in possession and control of the premises.

Nonliability for act of independent contractors or his servants: Railway v. Meador, 50 Texas, 87; Cunningham v. Railway, 51 Texas, 511; Railway v. Van Bayliss, 1 W. & W. C. C., sec. 500; Burton v. Railway, 61 Texas, 526; Railway v. Culberson, 72 Texas, 384; Pierce on Rys., pp. 286–290; Wood on Mast. and Serv., secs. 281–314; 2 Thomp. on Neg., chap. 19; 14 Am. and Eng. Encyc. of Law, 830–837.

Duty in reference to crossing at point in question: Railway v. Montgomery, 85 Texas, 68; Wood on Mast. and Serv., p. 614.

*Moore & Duncan* and *W. S. Robson,* for defendants in error.—When the law imposes a duty upon railways, such as making proper stock guards where the railway track goes through private inclosures, or where the railway track crosses a public road, to restore it to its former condition, so as not to unnecessarily impair its usefulness, and keep the same in good repair, these duties the railway can not devolve upon an independent contractor. The duty is fastened on the railway, and if an independent contractor is employed to make the crossing and keep it in repair, his neglect or omission is the neglect or omission of the railway company. Railway v. Meador, 50 Texas, 85.

BROWN, Associate Justice.—C. M. Warner, joined by her husband, Albert Warner, and James R. Dublin, sued the Taylor, Bastrop & Houston Railway Company to recover damages for the death of Rowland Dublin, the minor child of C. M. Warner and James R. Dublin, which was alleged to have been caused by the negligence of the defendant below, in failing to make and maintain a proper crossing at the intersection of its railway with the public highway, between the towns of La Grange and West Point, in Fayette County. A trial by jury resulted in a verdict and judgment against the defendant in favor of C. M. Warner for $5000, and against James R. Dublin, one of the plaintiffs.

The child was killed on August 18, 1888, by falling from a wagon in which he was riding with his father, James R. Dublin, and his being run over by a wheel of the wagon. The fall was caused by the dropping of the wheel of the wagon into a hole or rut in the crossing of the railroad.

The railroad was being constructed by "independent contractors," under the supervision of the company's engineer. The section of the railroad where the accident occurred had not been delivered by the contractors to the railroad company. The dirt road leading from La Grange to West Point is a public highway, established and kept up as such by the Commissioners Court of Fayette County, but the place where the crossing was made is not on the public road established by the Commissioners Court, though all of the travel goes over it. The true road established by the court crosses the railroad about one-fourth of a mile south of the crossing in question, but was not used by the public, and the railway company made no crossing at the point where the main road crossed its railroad, though it was worked by the overseer, and the other road, where the accident occurred, was not so worked. The portion of the road deviating from the established road was over level land, and required no work to keep it in order. It had been used by the public for ten or twelve years, and the contractors had made no other crossing near the place.

The crossing at which the accident occurred had been made about eight or nine days at the time of the accident. This crossing was made by spiking heavy planks to the ties on each side of the two rails, fill-

ing in with earth on the top of the roadbed, and throwing up earth approaches. The top of the road was about eighteen inches above the level. A hole about eight inches deep had been formed on the west side of the track by wagon wheels dropping from the plank on the soft earth, making the crossing unsafe, which caused the accident by the dropping of the wagon wheel into the hole. A reasonable time had elapsed within which the crossing should have been repaired.

James R. Dublin, the father of the child, was driving the wagon approaching the crossing from the east side. He had never been along the road before, and was not aware of its unsafe condition; he could not see the hole as he approached the crossing. C. M. Warner and James R. Dublin had been married, and the child which was killed was the offspring of that marriage. They were divorced by a decree of the District Court, and the custody of the child given to the mother. She afterwards married her present husband, Albert Warner.

The child, Rowland Dublin, was 7 years old when killed; he was bright, intelligent, very industrious, and healthy, and was the only child of the plaintiff, C. M. Warner, by James R. Dublin.

The foregoing statement substantially presents the facts, as found by the Court of Civil Appeals, which are necessary to be considered in determining the issues presented in this court.

The undisputed evidence, as shown in the statement of facts, discloses the fact, that the next day after the accident occurred, the engineer in charge of the work in behalf of the railroad company directed the repair of the crossing; and it appears from the testimony that the crossing was continued at the same place after the road was delivered to the defendant, and no crossing has ever been made where the regular county road crosses the defendant's line of road. The evidence does not show to what extent the railroad company exercised or had the right of control over the contractors in the performance of the work, except that the work was done under the supervision of the engineer of the railway company.

The plaintiff in error assigns in its application the following grounds of objection to the judgments of the District Court and Court of Civil Appeals:

"1. That the District Court erred in refusing to give special charges numbers 1 and 2, as requested by the defendant below." The first charge asked, in substance, requested the court to charge the jury that the road at the intersection of which the accident occurred was not a public road within the meaning of the law, and that therefore defendant was not liable for the accident. The second charge requested was, in substance, that if at the time of the accident the railroad was still in the hands of the contractors, and also that defendant's engineer superintended the work merely to see that the road was being constructed according to the details agreed upon between the railway company and the contractors, the plaintiffs could not recover.

"2. That the court erred in the first paragraph of its charge, wherein it in substance charged the jury, that it was the duty of the railroad company when intersecting or crossing a public highway to restore the highway to its former state or condition, so as not to impair its usefulness or safety, and to maintain the crossing in that condition.

"3. That the court erred in admitting in evidence a photograph of the deceased child, Rowland Dublin."

The facts as found by the Court of Civil Appeals and the evidence in the case do not establish that the dirt road at the point where the accident occurred was a public road, within the meaning of article 4170, Revised Statutes, it being neither laid out and maintained under order of the County Court, nor established as a public road by dedication and use. Railway v. Montgomery, 85 Texas, 67. There was evidence that this road had been used by the public for ten or twelve years, but there was no evidence of dedication by the owner of the land to the use of the public as a public highway. In Railway v. Montgomery, cited above, Judge Gaines, delivering the opinion of the court, said: "There was testimony to the effect that the road had been travelled by the public for twenty years, but that naked circumstance is not sufficient to show a dedication in a country where every one feels himself at liberty to pass at will over all uninclosed lands." It not being a public road in the sense of the statute, the duty did not rest upon the railway company as a matter of law to construct a crossing at the intersection of its road therewith. In Railway v. Montgomery, the court said: "The road in question was across private property, which had never been granted, dedicated, nor condemned to a public use, and might have been obstructed by the owners of the land adjacent to the company's track over which it passed at any time. The company was not bound to provide a crossing, and the fact that it constructed no crossing, unless the way under the trestle is to be considered such, was not conclusive evidence that it intended that such way should be used as a crossing for the road."

The court charged the jury as follows: "It is incumbent on the defendant company, when intersecting or crossing a public highway upon the construction of its railway, to restore the highway either to its former state, or to such condition as not unnecessarily to impair its usefulness or safety; and also to maintain the crossing in such condition, and failure to discharge this duty renders the company liable for any injury persons may suffer by reasons of the neglect of the company." This is a correct statement of the law applicable to a public highway and the duty of railroad companies in crossing such as are embraced in the terms of the statute, but it assumes that the road in question was a public highway, when the facts not only fail to show it to be a public highway by dedication and use, but, as stated before, unquestionably show that it was not such highway by action of the Commissioners Court.

The second paragraph of the court's charge reads as follows: "If you should find from the evidence that the crossing under consideration was either negligently constructed by the defendant company, or was defective and unsafe by reason of the neglect of the defendant company to keep it in good repair, and if you further believe that the death of Rowland Dublin was occasioned by such negligence on the part of the defendant company, then you may find for the plaintiffs, subject, however, to instructions hereinafter given." The instructions thereafter given did not in any way qualify these charges. The second paragraph of the charge was but an application to the particular case of the general proposition asserted in the first paragraph with reference to public highways, and, taken together, the two paragraphs of the charge must have been understood by the jury to mean that the court instructed them that this was a public highway within the meaning of the statute, and submitted to them alone the questions of negligence in the construction of the crossing thereon, and whether or not the injury resulted therefrom.

It is error for the court to give to the jury a charge containing abstractly a correct proposition of law, which is not applicable to any phase of the evidence before them, and if such charge was calculated to mislead the jury, then it is reversible error. Railway v. Brentford, 79 Texas, 625. We think it can not be doubted that this charge, which was correct as a matter of law and excellent in the expression of the views of the court, must have misled the jury, or at least it must have impressed them with the understanding of the case that the railway company was liable to the plaintiffs if the crossing as constructed was defective, and that the injury was caused thereby.

There was evidence sufficient to have justified the jury in finding that the crossing was constructed by the railway company, and that it was thereby made liable by reason of the fact that it operated as an invitation to persons to cross thereon. But this fact is not so clearly established by undisputed evidence as to justify us in saying that the charge given by the court did not result in injury to the railway company. An erroneous charge is presumed to have operated to the injury of the party against whom it is given, unless the contrary appears from the record. Emerson v. Mills, 83 Texas, 388; Railway v. Greenlee, 62 Texas, 344.

The error of the court in giving the charge, as above shown, requires a reversal of the judgments in this case. We will not enter into a critical examination of the charges asked by the defendant and refused by the court, but in view of another trial we will state briefly our views of the law upon some of the questions presented by the assignments of error.

Charges numbers 1 and 2 requested by the defendant were properly refused. Charge number 1 ignored the state of facts which might have justified the jury in finding that the crossing, although not upon the public highway, was nevertheless constructed by the defendant,

and therefore operated as an invitation to the public to use it in crossing its railroad track, and if negligently constructed, would render the defendant liable for injuries caused by such use of it. Railway v. Bridges, 74 Texas, 520. Charge number 2, requested by the defendant, was not applicable to the facts of the case, because it assumed that the contractors were not under the control of the railroad company, if the engineer had no authority over them except to see that the road was being constructed according to the details agreed upon. That such supervision alone would not render the defendant liable, the contractors being otherwise independent, is a correct proposition; but it does not follow, that because the engineer had no other control than that stated, the railroad company itself did not have such control over the contractors as would make it liable.

Every person who is found performing the work of another is presumed to be in the employ of the person whose work is being done, and if the facts be such as to exempt the owner of the property improved, or the person for whom the work is being performed, from liability for the acts of those performing such work, it devolves upon him who claims such exemption to make proof of the terms of the contract, showing that the relation of master and servant did not exist. Burton v. Railway, 61 Texas, 533; 14 Am. and Eng. Encyc. of Law, 751; Perry v. Ford, 17 Mo. App., 212. The evidence in this case did not require the jury to find that the contractors were not under such control of the railroad company in the construction of the railroad as to make it liable for their acts; therefore, the charge requested was properly refused.

If the dirt road at the point where the railroad intersected it was a public road, either by condemnation for public use, being established as such by law, as by the action of the County Commissioners' Court, or by dedication to the public use as a highway by the owner, and the use of the same by the public, the defendant would be responsible for the negligence of the contractors in making the crossing, whether such contractors were under its control or not. The railroad company could not devolve upon another a duty imposed upon it by law, so as to exempt it from liability in case of a failure to perform that duty. Railway v. Meador, 50 Texas, 85.

If the road in question was not a public highway, then if the railroad company constructed a crossing at the intersection of its road with the dirt road, it was an invitation to the public to use the crossing as a public highway, and it would be held liable for negligence in the performance of that act; but this would be a common law liability, and not statutory. If the plaintiffs below seek to hold the railroad company liable under the statute, they must establish by proof that the dirt road, at the point where the accident occurred, was a public road. If the railroad company seeks to avoid liability for the acts of the contractors in making a defective crossing upon its railroad, although the road intersected is not public, it must establish the terms

of the contract, which show that it had over such contractors no such control as to make it liable for their acts.

The court did not err in admitting in evidence the photograph of the deceased child, Rowland Dublin. The physical development of the child at the time of its death, tending to show the probabilities of future growth and further development, was a proper subject of proof; and while the photograph taken two years before the death might not be as cogent as one more recently taken, its value and weight as proof was a question for the jury, and the fact that it had been taken two years before the death did not make it inadmissible as evidence. Ruloff v. The People, 45 N. Y., 224; Luke v. Calhoun County, 52 Ala., 118.

For the error committed by the court in its charge to the jury, the judgments of the District Court and the Court of Civil Appeals are reversed, and this cause is remanded.

*Reversed and remanded.*

Delivered November 18, 1895.