CONTINENTAL/MOSS–GORDIN, INC., Appellant,

v.

Jesus MARTINEZ, Appellee.

No. 15056.

Court of Civil Appeals of Texas, San Antonio.

May 10, 1972.

Rehearing Denied May 31, 1972.

Wiley, Plunkett, Gibson & Allen, San Antonio, for appellant.

Jay R. Sorrell, Pearsall, for appellee.

KLINGEMAN, Justice.

This is a suit by Jesus Martinez, appellee here, against Bain Peanut Company, the operator of a peanut hoist; Willie Troutt, the person who installed the hoist; and Continental/Moss-Gordin, Inc., the company that sold the hoist, for damages sustained to appellee's truck when it was dropped from a peanut hoist located at Bain Peanut Company in Pearsall, Texas.

The case was tried on a theory of negligence. Trial was to a jury which found that Willie Troutt was acting as an employee of appellant on the occasion in question; and that the failure of Troutt to put stops on both sides of the hoist was negligence, and this was a proximate cause of the occurrence in question, and was the sole proximate cause. The jury also found that appellant failed to properly inspect the truck hoist prior to the accident, and that this was negligence and was a proximate cause of appellee's damages. The amount of damages to appellee was found to be $2,120.00. Based upon such jury findings,

the trial court rendered judgment for appellee against Troutt and appellant jointly and separately in the amount of $2,120.00, and that appellee take nothing against Bain Peanut Company.[1] From this judgment only Continental/Moss-Gordin, Inc. has appealed.

On August 17, 1969, appellee's truck, loaded with peanuts, was brought to Bain Peanut Company for the purpose of unloading. The truck was placed on a hoist which had been purchased from appellant, was driven forward, which was customary, and the lift which runs on an overhead rail fell off the rail, thereby causing the truck to fall and be damaged. The hoist was designed to be installed with one stop on each rail, but no stop had been attached to the right rail. An investigation of the hoist after the accident showed that the stop was not in place on the right hand side of the lift, thereby allowing the hoist to run off its track.

Appellant contracted by instrument dated February 28, 1969, with David Askanase and Alan Gugenheim, purported to be acting on behalf of Bain Peanut Company, for the purchase and installation of peanut unloading and drier equipment, one item of which was the truck hoist here involved.[2] The contract price included delivery and installation at Bain Peanut Company. Willie Troutt erected and assembled the equipment.

The main thrust of appellant's contention on this appeal is that there is no evidence to support the submission of, or the jury's answer to, Special Issue No. 10 inquiring

---

1. The jury did not find Bain Peanut Company guilty of any negligence.

2. Although appellant makes some contention in its brief that such contract was not sufficiently identified, such contract was introduced into evidence as Plaintiff's exhibit No. 1. Mr. Morris Ridgway, the manager of Bain Peanut Company, while on the stand, was handed such exhibit before its introduction into evidence, and testified that he could identify it and that it was the contract that was entered

into between Bain Peanut Company and David Askanase and Alan Gugenheim with Continental/Moss-Gordin, Inc., and that the hoist involved in this suit was included in such agreement. Appellant made no objections to any of such testimony and did not object to the admission of such exhibit. In addition, in answer to written interrogatories, appellant states that it had contracted with Bain Peanut Company by written instrument regarding the furnishing of certain equipment, including the hoist involved in this suit.

whether Willie Troutt was acting as an employee of appellant on the occasion in question. Appellant also asserts that the trial court erred in submitting Special Issues Nos. 7, 8 and 9[3] because there is no evidence that appellant had any duty to inspect the truck hoist prior to the accident in question. Appellant further complains that the trial court erred in granting judgment for appellee, and in refusing to grant appellant's motion for directed verdict because there was no evidence that Willie Troutt was an employee of appellant, and because appellant had no duty to inspect the truck hoist prior to the occurrence in question.

We first consider appellant's contention that there is no evidence to support the submission of, or the jury's answer to Special Issue No. 10 wherein the jury found that Willie Troutt was acting as an employee of appellant on the occasion in question.

■ Appellant recognizes that the law is to the effect that a person found in the employment of another is presumed to be such person's employee acting in the course and scope of his employment for such person. Broaddus v. Long, 135 Tex. 353, 138 S.W.2d 1057 (1940); Empire Gas & Fuel Company v. Muegge, 135 Tex. 520, 143 S. W.2d 763 (Tex.Com.App.1940, opinion adopted); 30 Tex.Jur.2d, Independent Contractors, Section 14, p. 495. Such presumption is not conclusive but is a rebuttable presumption. Empire Gas & Fuel Company v. Muegge, supra; 30 Tex.Jur.2d, Section 14, supra. Appellant asserts that assuming the existence of such presumption, it introduced sufficient evidence to destroy such presumption, and that aside from the presumption, there is no evidence in the record to prove that Willie Troutt was an employee of appellant.

Our courts in Texas, from a very early date, have held the burden is upon the one claiming an exemption to establish the independence of the contract. Taylor, B. & H. Railway Co. v. Warner, 88 Tex. 642, 32 S.W. 868 (1895); Ochoa v. Winerich Motor Sales Co., 127 Tex. 542, 94 S.W.2d 416 (Tex.Com.App.1936, opinion adopted). Our Supreme Court in Taylor, B. & H. Railway Company v. Warner, supra, stated: "Every person who is found performing the work of another is presumed to be in the employment of the person whose work is being done, and if the facts be such as to exempt the owner of the property improved, or the person for whom the work is being performed, from liability for the acts of those performing such work, it devolves upon him who claims such exemption to make proof of the terms of the contract, showing that the relation of master and servant did not exist." 88 Tex. at 648, 32 S.W. at 870.

■ The contract herein above referred to was sufficient to raise the presumption that Troutt was acting as an employee of appellant on the occasion in question. In addition to such contract, there is other evidence of a master/servant relationship between appellant and Troutt. The written interrogatories of Willie Troutt were introduced into evidence. In one of such interrogatories, Troutt was asked whether he was engaged by appellant to construct, erect or assemble certain equipment, and particularly a hoist at the Bain Peanut Company in Pearsall, Frio County, Texas, and in response thereto he answered that he was so engaged by Continental/Moss-Gordin, Inc. In another interrogatory he was asked whether appellant supervised him in the construction, erection or assembly of the equipment in question, and if so, to state the names of all employees of appellant who were so

3. In answer to Special Issues Nos. 7, 8 and 9, the jury found that appellant failed to properly inspect the truck hoist prior to the occurrence in question, and that such failure was negligence and was a proximate cause of appellee's damage.

involved. In answer thereto Troutt stated: "Engineer Kenneth McKrone, of Continental/Moss-Gordin, Inc. was there part of the time." Troutt further stated that he had done similar jobs for appellant.

The written interrogatories propounded to appellant were also introduced into evidence. In answer to written interrogatory No. 1, appellant stated that it contracted with Bain Peanut Company by written instrument regarding the furnishing of certain equipment, and particularly the hoist made subject to this suit. In answer to another interrogatory it stated that it had furnished Troutt plans and specifications for the erection, construction and assembly of items sold to Bain Peanut Company under the contract, and particularly the hoist assembly. It further stated that Troutt had done numerous such jobs for it prior to the transaction here involved. When asked as to whether they had furnished any employees, supervisors, inspectors, engineers or architects for the Pearsall Bain Peanut Co. job, and if so, to state the names of such persons, answered: "Fred Terry, Roy Blanton and Ken McCroan inspected the job on various dates."

There is no evidence in the record that Bain Peanut Company employed Willie Troutt or had any type of contractual agreement with him. Troutt stated that he was employed by appellant to construct, erect and assemble certain equipment, including the hoist, at the Bain Peanut Company in Pearsall, and this evidence stands uncontradicted in the evidence. Although appellant asserts that Troutt performed his services as an independent contractor, it did not come forward with any evidence of such relationship.

■ The failure or refusal of a party to produce evidence, which may reasonably be supposed to be within his possession, to rebut evidence of his adversary, or a presumption in his adversary's favor, warrants an unfavorable inference and strengthens the opponent's evidence or presumption. 1 McCormick & Ray, Texas Practice, Evidence, Section 100, p. 137; Cox v. Bankers' Guaranty Life Co., 45 S. W.2d 390 (Tex.Civ.App.—Austin 1931, no writ).

We hold that under the record there is sufficient evidence to support the submission of, and the jury's answer to, Special Issue No. 10 that Willie Troutt was acting as an employee of appellant on the occasion in question. Since appellant does not complain of, or make any attack on, the jury's findings pertaining to the negligence of Willie Troutt, the jury's answer to Special Issue No. 10, taken together with the findings against Troutt, would support a verdict and judgment for appellee against appellant.

■ In any event, under the record, we cannot say as a matter of law that appellant had no duty to inspect the truck hoist prior to the occurrence in question. The trial court did not err in submitting Special Issues Nos. 7, 8 and 9,[4] and the jury's answers thereto are sufficiently supported by the record.

■ We next consider appellant's contention that the trial court erred in not granting its motion for directed verdict. To sustain a point that a court committed error in overruling a motion for directed verdict, a reviewing court must hold that there was no evidence of probative value to sustain the jury's verdict and the court's judgment. Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194 (1952); Schad v. Williams, 398 S.W.2d 603 (Tex.Civ.App. —Dallas 1966, writ ref'd n. r. e.); Robertson v. Centennial Properties of Austin,

---

4. These special issues pertain to negligence of appellant in failing to properly inspect the truck hoist.

Inc., 392 S.W.2d 577 (Tex.Civ.App.—Austin 1965, writ ref'd n. r. e.); Bailey v. Tishlias, 348 S.W.2d 220 (Tex.Civ.App.—Dallas 1961, writ ref'd n. r. e.); Dunlop Tire & Rubber Corp. v. Slack, 276 S.W.2d 400 (Tex.Civ.App.—Fort Worth 1955, no writ). In acting on a motion for instructed verdict or a judgment non obstante veredicto, all testimony must be considered in a light most favorable to the party against whom such motion is sought, conflicts in testimony will be disregarded, and every reasonable inference deducible from the evidence must be indulged in such party's favor. Leyva v. Pacheco, 163 Tex. 638, 358 S.W.2d 547 (1962); Employers' National Life Ins. Co. of Dallas, Tex. v. Willits, 436 S.W.2d 918 (Tex.Civ.App.—Amarillo 1968, writ ref'd n. r. e.); Abrams v. Brent, 362 S.W.2d 155 (Tex.Civ.App.—Austin 1962, writ ref'd n. r. e.); Texas Employers Insurance Ass'n v. Smith, 235 S.W.2d 234 (Tex.Civ.App.—Galveston 1951, writ ref'd).

The court did not err in refusing to grant appellant's motion for directed verdict.

█ Appellant also asserts that the jury's answers to Special Issues Nos. 3 and 9 are in irreconcilable conflict.[5] Such contention would have merit had we held that there is no evidence to support the jury's answer that Troutt was acting as an employee of appellant on the occasion in question, but in view of our holding in regard thereto, such conflict is not material.

We have carefully considered all of appellant's points of error and all are overruled. The trial court did not err in entering judgment for appellee.

The judgment of the trial court is affirmed.

5. In answer to Special Issue No. 3 the jury found that certain negligence of Willie Troutt [failure to put stops on both sides of the hoist] was the sole proximate cause of the occurrence in question; and in answer to Special Issue No. 9, found that certain negligence of appellant [failure to properly inspect] was a proximate cause of appellee's damages.