TEXAS STATE BANK et al., Appellants,

v.

Billy G. ELLIOTT, Appellee.

No. 7766.

Court of Civil Appeals of Texas,
Beaumont.

Jan. 22, 1976.

Rehearing Denied Feb. 19, 1976.

Ivan D. Hafley, Austin, for appellants.

Marcus A. Pitre, Port Neches, for appellee.

KEITH, Justice.

Texas State Bank, defendant below, appeals from an order overruling its plea of privilege to be sued in Travis County and we will designate the parties as they appeared in the trial court.

Plaintiff purchased an automobile while he was living in Austin and the seller assigned the chattel mortgage to defendant. At all times material to this suit, the plaintiff was in default upon his payments due under the contract and defendant had the right to repossess such automobile under the terms of the agreement. Plaintiff testified that on June 1, 1973, he and his fiancee went swimming (at which time he placed a diamond ring which he usually wore in the glove compartment of his car), and then went to Port Arthur. He left his car locked in a garage in Warren, Tyler County, when he left for Port Arthur.

When he returned the next day, his car and its contents, including the ring, divers items of supplies, hand tools, etc. were gone. He also found a note on or near the garage asking him to contact one J. M. Curb and an Austin telephone number was included in the note. He called this number, spoke to a man who identified himself as Curb, and demanded the return of his personal belongings in the car at the time it was taken. Accordingly to plaintiff, Curb admitted having taken the car but denied knowledge of the items of personal property mentioned. Then, according to plaintiff, a man identified as Larry Weaver called immediately about the incident. Although this testimony was received without objec-

tion, the note from Curb was not admitted into evidence.

Subsequently, plaintiff went to Austin where he recovered several items of personal property from defendant, but claimed that several items were not returned, including the diamond ring.

Plaintiff's suit, for conversion of personal property, trespass, and negligence, named the bank and Curb as defendants; but, insofar as we can determine from our record, no service was had upon Curb nor has he yet made an appearance.

Defendant's plea of privilege was duly controverted with plaintiff relying upon *Subdivisions 9, 9a, and 23 of Art. 1995, Tex.Rev.Civ.Stat.Ann. (1964).* Upon the hearing plaintiff's testimony was not contradicted directly; instead, defendant brought one of its employees (not the one in charge of the repossession of plaintiff's car) who testified from records and as to the customary practices of the bank. At the conclusion of the hearing, the plea of privilege was overruled and defendant has duly perfected its appeal. No findings of fact or conclusions of law were filed.

Defendant has appropriate points of error challenging the judgment below upon the grounds that there was no evidence to support the trial court's implied findings as to the several subdivisions of the venue statute invoked by plaintiff.[1] In passing upon these points of error, we will follow the rule laid down for our guidance in *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965).

In our review we are bound to follow the rule announced in *James v. Drye*, 159 Tex. 321, 320 S.W.2d 319, 323 (1959):

"On appeal from an order overruling a plea of privilege every reasonable intendment must be resolved in favor of the trial court's judgment."

The several attacks upon the judgment of the trial court have a common base: plain-

1. Plaintiff has abandoned the "agency or representative" facet of *Subdivision 23* al-

though he still contends that he proved a cause of action against defendant.

tiff has failed to establish as a fact that his automobile and the property stored therein was taken from his garage by an agent of the corporate defendant, the bank, acting within the course and scope of his authority with the defendant. Admittedly, the testimony is not strong and defendant attacks the whole record as being one in which only inferences are piled upon presumptions in an effort to establish such vital and necessary fact.

Plaintiff argues that under *Tex.Bus. & Comm.Code Ann. § 9.503 (1968),* only the bank, as the secured party, had the right to repossess the automobile; that the bank admittedly obtained and had the automobile in its possession (along with a few of his articles of personal property) by virtue of a repossession without court proceedings.

It has long been the law in Texas that "[e]very person who is found performing the work of another is presumed to be in the employment of the person whose work is being done." *Taylor, B. & H. Ry. Co. v. Warner,* 88 Tex. 642, 32 S.W. 868, 870 (1895). Plaintiff contends that when he established the fact that defendant somehow, through some agent, had "repossessed" his car along with the items of personal property, he made out a prima facie cause under *Warner,* supra. We agree.

In the venue hearing, plaintiff was only required to make out a prima facie case of liability. *Flowers v. Dempsey-Tegeler & Co.,* 472 S.W.2d 112, 116 (Tex.1971). Very recently, in *Coward v. Gateway Nat. Bank of Beaumont,* 525 S.W.2d 857, 859 (Tex.1975), the Court said: "The term [prima facie evidence] is also used to mean that the proponent has produced sufficient evidence to go to the trier of fact on the issue."

Defendant does not seriously dispute these rules but contends that only a rebuttable presumption was created under the rationale of *Warner,* supra, and that it discharged its burden of rebutting such presumption by the evidence which it offered. Assuming, *arguendo,* that defendant's evidence was properly received (i. e. it was not in support of an affirmative defense available only upon a trial of the merits[2]), defendant failed to sustain the burden imposed upon him by the authoritative case of *Empire Gas & Fuel Co. v. Muegge,* 135 Tex. 520, 528, 143 S.W.2d 763, 768 (1940).

Defendant did not offer the testimony of its own bank official familiar with the details of the transaction, he no longer being in its employ; it did not offer what it describes as the independent contractor (Weaver) whom it claims it retained to repossess the automobile; nor, did it offer J. M. Curb, whom plaintiff claims actually repossessed the vehicle. We are unwilling to set aside the trial court's implied finding upon such a record. The testimony is not "clear, positive and undisputed," as required in *Muegge,* supra.

Under our meager record, and the posture in which we are required to review it, we are of the opinion that plaintiff successfully established his right to maintain venue under *Subdivisions 9, 9a, and 23, Art. 1995. Ford Motor Credit Company v. Cole,* 503 S.W.2d 853 (Tex.Civ.App., Fort Worth 1973, writ dism'd).

There being some evidence to support the trial court's finding, we are not authorized to substitute our judgment for that of the trial court. *Space City Oil Company v. McGilvray,* 519 S.W.2d 257 (Tex.Civ.App., Beaumont 1975, no writ).

Finding no error, each of defendant's points of error is overruled and the judgment of the trial court is affirmed.

---

2. Cf. *General Motors Acceptance Corporation v. Howard,* 487 S.W.2d 708, 710–711 (Tex.1972).