## MASON v. CHAPMAN.  (No. 3541.)

Court of Civil Appeals of Texas. Texarkana.
May 12, 1928.

Rehearing Denied May 24, 1928.

I. Vendor and purchaser ⊜⟹265(3)—Holder of
vendor's lien notes waived benefit of contract
whereby defendant assumed payment if she
knew pending suit defendant brought thereon
for her that he had assumed payment.

Holder of vendor's lien notes waived benefit
of contract whereby defendant assumed pay-
ment of notes if she knew pending suit de-
fendant brought thereon for her that he had
assumed payment of notes.

2. Trial ⊜⟹140(2)—Court could not instruct
verdict for plaintiff based on plaintiff's uncon-
tradicted testimony.

Court could not instruct verdict for plain-
tiff based on her uncontradicted testimony
alone.

Appeal from District Court, Collin Coun-
ty; F. E. Wilcox, Judge.

Action by Lora E. Chapman and husband
against A. J. Mason. From a judgment for
plaintiff named, defendant appeals. Re-
versed and remanded.

By a deed dated November 23, 1918, J. H.
Collier and his wife conveyed 81.3 acres of
land in Collin county to E. F. Andrews, the
consideration being promissory notes made
by Andrews, payment of which was secured
by a vendor's lien retained on the land.
Among the notes was one for $4,000 which
Collier assigned to the Texas Farm Mortgage
Company January 17, 1919, and five for $500
each, which he assigned to appellee Lora E.
Chapman, then Lora E. Miller, wife of Louis
Miller, now Lora E. Craft, wife of appellee
L. M. Craft. By a deed dated July 1, 1919,
Andrews conveyed 12.11 acres of the 81.3
acres to A. F. Yeager, the consideration be-
ing $350 cash paid by Yeager and his six
promissory notes for sums aggregating $2,-
677.50. At the time the deed to Yeager was
executed he and Andrews agreed in writing
that the amount of the notes made by Yeager
when paid should be credited on the indebt-
edness evidenced by Andrews' notes to Col-
lier, secured by a lien on the 12.11 acres as
well as on the remainder of the 81.3 acres
tract. By a deed dated January 3, 1920,
Andrews conveyed the 81.3 acres, less the
12.11 acres, to appellant, Mason, the consid-
eration being (as recited) $600 paid by Mason
and his assumption of the payment of the
notes made by Andrews to Collier. The deed
contained a recital that the notes made by
Yeager to Andrews were thereby transferred
and assigned to Mason. By an instrument in
writing dated January 6, 1920, Mason rented
the land to Andrews for the year 1920, and

agreed to place same on the market for sale,
and, if he sold same before January 1, 1921,
to pay Andrews any sums he received there-
for in excess of $600, 8 per cent. interest there-
on and 5 per cent. of the price for which he
sold the land. By a deed dated February 10,
1920, Mason conveyed said 81.3 acres, less
said 12.11 acres, to T. R. Fielder, the con-
sideration being $5,000 paid by Fielder, his
note for $200 in favor of E. F. Andrews, and
his assumption of the payment of said notes
made by Andrews to Collier. The deed con-
tained a recital that the notes made by Yea-
ger to Andrews and transferred by the latter
to Mason were thereby transferred to Field-
er. April 28, 1923, Mason, alleging he was
the owner and holder of the five notes as-
signed to appellee Lora E. Chapman as here-
inbefore stated, and of two other notes for
$500 each of the same series, commenced
suit (No. 9240) thereon to recover the amount
thereof of said Andrews, Yeager, and Field-
er, respectively, together with a foreclosure
of the vendor's lien on the 81.3 acres of land
retained to secure same. The suit resulted
in a judgment (rendered November 14, 1923)
in Mason's favor against Fielder for the
amount of the notes and foreclosing the ven-
dor's lien on the 81.3 acres of land, but sub-
ject to the lien securing the $4,000 note held
by the Texas Land Mortgage Company, which
the court determined was entitled to priority
over the notes Mason sued on. Mason was
denied a recovery of anything against
Andrews and Yeager. On an appeal prose-
cuted by Mason from the judgment same was
affirmed by this court April 20, 1925. Mason
v. Andrews, 271 S. W. 121. By virtue of an
order of sale issued on the judgment the
sheriff of Collin county, on December 27,
1923, sold the land for $500 to Mason, he be-
ing the highest bidder therefor. Mason paid
the sheriff $53.65 (costs of the suit) of the
$500 he bid for the land and credited the
judgment with the balance of $446.35. The
instant suit, commenced and prosecuted by
appellee Lora E. Chapman (Craft) joined by
her husband L. M. Craft, was to recover of
Mason the amount of the five notes she owned
and which Mason sued on as hereinbefore
stated. In her petition said appellee Lora E.
Chapman (Craft) alleged that she was in-
duced to turn the notes over to L. L. Miller,
then her father-in-law, and that he turned
same over to Mason to sue on. She alleged
further that:

At the time she "placed her said notes in the
hands of said L. L. Miller in order that he might
have suit brought on them she did not know
and had never heard that said A. J. Mason had
assumed payment of her said notes, or that he
was in any way liable for the payment thereof;
that she never knew or heard that the said A.
J. Mason was liable for the payment of her said
notes until after the trial of said cause No.

⊜⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

9240 (which was the suit by Mason on her notes); that after said trial she was informed by A. F. Yeager that said Mason was liable for the payment of her said notes; that the said L. L. Miller knew, at the time he placed the said notes, or permitted them to be placed in the hands of said A. J. Mason in order that suit might be brought thereon, that the said A. J. Mason had assumed payment of said notes and was liable for payment of same; that the said A. J. Mason knew at the time he received said notes from the said L. L. Miller and at the time the suit was filed thereon, that he, the said A. J. Mason, had assumed payment of the notes, and that he was liable for the payment of same; that the said L. L. Miller and A. J. Mason acted in collusion in said matter, and said notes were placed in the hands of said A. J. Mason in order that he might bring suit thereon, and in order that he might thereby prevent judgment from being taken against him on said notes, and in order that he might thereby escape personal liability on said notes; that in all of said matters said L. L. Miller was the agent of said A. J. Mason and acted in his interest and for his benefit, and not in the interest or for the benefit of said Lora E. Miller; that said acts and conduct aforesaid constituted a fraud upon said plaintiff Lora E. Craft; * * * that said A. J. Mason was not a proper person to bring said suit by reason of the fact that he had assumed the payment of said notes and that his interests were antagonistic to the interest of said Lora E. Miller (now Lora E. Craft), all of which facts were well known to the said L. L. Miller and the said A. J. Mason; that by reason of the fact that said A. J. Mason had assumed the payment of said notes he was not entitled to judgment against the said E. F. Andrews, the maker of the notes, and therefore failed to recover a judgment against the said E. F. Andrews, as aforesaid; that by reason of said fraud so practiced on said Lora E. Miller (now Lora E. Craft) by the said L. L. Miller and A. J. Mason she is thereby fraudulently prevented from taking judgment against the said E. F. Andrews, the maker of said notes, and she cannot now take judgment against him on said notes for the reason that the matter is now res adjudicata as to him; that the said judgment against said T. R. Fielder is of no value, and that there is no equity in the land so purchased by the said A. J. Mason by reason of the prior incumbrances thereon as aforesaid; that plaintiffs have not been paid anything on their said notes, or on the indebtedness represented by said notes; * * * that, if the said Lora E. Miller had known or been informed that the said A. J. Mason had assumed payment of her said notes, or that he was liable therefor, she would never have consented for said notes to be placed in his hands in order that suit might be filed thereon, and would never have permitted him to bring such suit; * * * that by reason of the assumption of said notes by the said A. J. Mason, and by reason of the other facts aforesaid, defendant is indebted to plaintiffs in a sum of money equal to the full amount of the notes so transferred to said Lora E. Miller, principal, interest, and attorney's fees."

It is not important, as we view it, to refer to appellant's answer (consisting of 18 or 19 pages of typewritten matter) to the suit, fur-

ther than to say it contained a denial of the allegations in appellee's petition and a plea that neither appellee nor her assignor had accepted appellant's assumption of the payment of the notes, but, on the contrary, that appellee, by delivering the notes to him to sue on, had waived such assumption. After hearing the evidence the court instructed the jury to return a verdict in appellee's favor for $4,159.05, the amount, principal, interest, and attorney's fees, it seems, of the notes owned by her. The jury having returned such a verdict, judgment for the sum specified was rendered in appellee's favor against appellant.

Smith & Abernathy, of McKinney, for appellant.

Truett & Neathery, of McKinney, for appellee.

WILLSON, C. J. (after stating the facts as above). Appellant insists the trial court erred when he instructed the jury to return a verdict in appellee's favor, because, he says, there was evidence warranting findings (1) that he did not in fact purchase the land of Andrews, but merely took the title thereto for convenience in conveying same to a purchaser thereof if Andrews found one before January 1, 1921; (2) that his assumption of the payment of the notes was not to be effective if Andrews found such a purchaser before said January 1, 1921, and that Andrews did .find such a purchaser before said date; (3) that the consideration for his assumption of the note failed; and (4) that the instrument purporting to be an absolute deed conveying the land to him was intended to operate as a mortgage merely, to secure the payment of $600 he loaned to Andrews, and was void because the land was then being occupied and used by Andrews and his family as their homestead.

[1, 2] We do not think such findings, nor any of them, were warranted by the evidence, but, nevertheless, think the court erred when he instructed the jury as stated. While the contract whereby appellant assumed the payment of the notes was between appellant and Andrews alone, it was for the benefit of holders of notes Andrews made to Collier. McCown v. Schrimpf, 21 Tex. 22, 73 Am. Dec. 221; Hill v. Hoeldtke, 104 Tex. 594, 142 S. W. 871, 40 L. R. A. (N. S.) 672; Roberts v. Abney (Tex. Civ. App.) 189 S. W. 1101; Allen v. Traylor (Tex. Com. App.) 212 S. W. 945; note to Hamilton v. Wheeling Public Service Co., 21 A. L. R. 454, 460. But it was a benefit such a holder was not bound to accept (Edwards v. Beals [Tex. Com. App.] 271 S. W. 887; Morrison v. Barry, 10 Tex. Civ. App. 22, 30 S. W. 376; Huffman v. Mortgage Co., 13 Tex. Civ. App. 169, 36 S. W. 306), and which, we think, appellee as the holder of five of the notes should be held to have waived, if she knew pending the

suit appellant brought thereon for her that he had assumed the payment of the notes. Appellee as a witness testified that she did not know of such assumption by appellant until after the trial of said suit. According to the rule which seems to be established by decisions in this state, the fact that appellee's testimony was not contradicted by the testimony of any other witness did not warrant the instruction to the jury complained of. "It is settled law in Texas," said the Commission of Appeals in Mills v. Mills, 228 S. W. 919 (Id. [Tex. Sup.] 231 S. W. 697), "that it matters not how positive and uncontradicted the testimony of an interested party may be, the question of his credibility must be submitted to the jury." And see Jopling v. Caldwell (Tex. Civ. App.) 292 S. W. 958, where the court said, "A verdict cannot be instructed by the court based upon the uncontradicted testimony of an interested witness," and Jarecki Mfg. Co. v. Hinds (Tex. Civ. App.) 295 S. W. 274.

Contentions not disposed of by what has been said are overruled.

The judgment is reversed, and the cause is remanded to the court below for a new trial.