## BUCKLEY v. GULF REFINING CO. et al.
### No. 4964.

Court of Civil Appeals of Texas. Amarillo.

Dec. 19, 1938.

Rehearing Denied Jan. 23, 1939.

Sidney. P. Chandler, of Corpus Christi, for appellant.

C. Burtt Potter, of Sinton, and Lewright, Dyer & Sorrell, of Corpus Christi, for appellees.

JACKSON, Chief Justice.

L. W. Buckley, plaintiff, instituted this suit in the district court of San Patricio County against the corporate defendants, Gulf Refining Company and Gulf Oil Corporation and the individual defendant, Ben Si Collins, to recover. damages to the automobile of plaintiff and for personal injuries to himself which resulted from a collision between plaintiff's automobile and the truck operated by defendants through their alleged agent and employee, Homer Young.

The plaintiff alleged that on or about October 4, 1935 the corporate defendants maintained and operated a warehouse at Aransas Pass for the storage, sale and delivery of petroleum products in that territory; that the business had been managed, conducted and controlled for some time by their agent, Ben Si Collins, who resigned on or about October 4, 1935; that said agent and the auditor, P. C. Powell, and the individual defendant, Ben Si Collins, acting for himself and with the auditor in behalf of the corporations, sent Homer Young into the territory in the vicinity of Aransas Pass to gather and load into the truck driven by Young empty oil drums or containers belonging to the corporation and return such property to the warehouse; that the truck driver was acting within his authority for all the defendants, had collected some nine or ten empty oil drums, and was returning them to the warehouse; that while on his way he stopped on the highway and parked his truck on the paved portion of the road without lights, warnings or flares; that

it remained so parked more than fifteen minutes during the period from one-half hour after to one-half hour before sunset; that the automobile of plaintiff, while he was driving along the highway with due care, collided with defendants' truck and the collision resulted in damage to his car in the sum of $300 and personal injuries to himself in the sum of $5,000.

The corporate defendants answered by general demurrer, special exceptions, general denial and alleged that the truck driven by Homer Young did not belong to them or either of them, was not operated directly or indirectly by them or either of them, specially denied that the driver was or had been the agent or in the employ of them or either of them. These two defendants also alleged that the truck was operated in a careful and prudent manner and the driver was in no way responsible for the damage and injuries. They also charged the plaintiff with numerous acts of contributory negligence which they urged as a defense.

The individual defendant, Ben Si Collins, answered by general demurrer, general denial, alleged that he tendered his resignation to each of the corporate defendants on or about October 2, 1935 and that he had no control over any of the employees of said defendants, gave no instruction as to the business of the defendants; that Homer Young was not in his employ and that he did not instruct the truck driver as to what to do, how or in what manner the work should be done after October 2nd, and was himself in no way guilty of negligence.

During the trial the plaintiff announced that he would no further prosecute the case against the Gulf Corporation and it was dismissed from the suit and no further notice will be taken of said defendant.

At the conclusion of the testimony, in response to a peremptory instruction, the jury returned a verdict in behalf of the Gulf Refining Company and Ben Si Collins, and from such action this appeal is prosecuted.

There is no contention that the testimony was not sufficient to raise jury questions on all issues except as to whether Homer Young was collecting the empty containers and equipment for the Gulf Refining Company and Ben Si Collins, or for either of them.

The appellant called to the stand the defendant, Mr. Collins, who testified that he had been employed by the Gulf Refining Company about three years prior to October 2, 1935, on which date he tendered his resig-

nation, which was accepted, and his services terminated; that Homer Young had been the truck driver of witness for some time previous to October 2nd, on which day the driver had been paid and his services discontinued; that the truck driven by Young did not belong to either Collins or to the Gulf Refining Company, but had been borrowed from Mr. Tedford by Young, who went out into the territory to gather this equipment; that he had eight or nine oil drums on the truck at the time of the collision; that apparently Young was gathering up these drums and returning them to the warehouse hoping to secure a job with the agent that succeeded Collins; that the work was the kind performed by the driver while working for Collins; that when he was checked out Mr. Powell, the auditor, knew the drums had not been returned and were charged to witness, who said he would be glad to assist the auditor any way he could. Mr. P. C. Powell was also placed on the stand by plaintiff and admitted he was the agent and employee of the Gulf Refining Company on October 4, 1935. His testimony corroborates, in the material parts, the testimony of Ben Si Collins. The record also shows that Mr. Collins promised the plaintiff some time shortly after the collision that he would pay for the repairs on the car and the doctor bills for treating the plaintiff's injuries. These witnesses denied that Young was the agent or employee of either of the defendants or that he had been engaged by either for the purpose of gathering up this equipment and returning it to the warehouse.

The testimony shows conclusively that at the time of the collision Homer Young had on his truck eight or nine empty oil drums, the property of and which he was returning to the Gulf Refining Company, and for the return of which Ben Si Collins was apparently responsible.

The Supreme Court in Taylor B. & H. Ry. Co. v. Warner, 88 Tex. 642, 32 S.W. 868, says [page 870]: "Every person who is found performing the work of another is presumed to be in the employment of the person whose work is being done, and if the facts be such as to exempt the owner of the property improved, or the person for whom the work is being performed, from liability for the acts of those performing such work, it devolves upon him who claims such exemption to make proof of the terms of the contract, showing that the relation of master and servant did not exist." See,

also, Studebaker Bros. Co. v. Kitts, Tex. Civ.App., 152 S.W. 464, writ refused; Commercial Credit Co. Inc. v. Groseclose, Tex. Civ.App., 66 S.W.2d 709; 23 Tex.Jur. Sec. 8, page 550; Glazier v. Roberts et al., Tex. Civ.App., 108 S.W.2d 829.

The testimony shows without dispute that Mr. Collins had been the agent of the Gulf Refining Company for about three years immediately preceding October 2, 1935, and that for some part of that time Homer Young had been driving the truck of Mr. Collins in which was collected from the territory the empty containers and equipment of the Gulf Refining Company.

In 2 Tex.Jur. 622, para. 204, the author says: "An agency which is shown to have once existed is ordinarily presumed to have continued."

In Mills et al. v. Mills, 228 S.W. 919, the Commission of Appeals says [page 920]: "It is settled law in Texas that it matters not how positive and uncontradicted the testimony of an interested party may be, the question of his credibility must be submitted to the jury." See, also, Clem v. Fulgham, Tex.Com.App., 14 S.W.2d 812; Mason v. Chapman, Tex.Civ.App., 7 S.W.2d 159; King & King et al. v. Porter et al., Tex.Civ. App., 256 S.W. 627.

In M. H. Thomas & Co. v. Hawthorne, Tex.Civ.App., 245 S.W. 966, writ refused, we are cognizant of the fact that the court said [page 972]: "That it is proper for a trial court to instruct a verdict upon the uncontradicted testimony of interested parties, when it is positive and unequivocal and there is no circumstance disclosed tending to discredit or impeach such testimony, can be said to be a settled rule in Texas."

The decision in the case of Mills v. Mills, supra, and M. H. Thomas & Co. v. Hawthorne et al., supra, have both passed the supervision of the Supreme Court and we do not find them in complete harmony, however, if the more liberal rule as expressed in the case of Thomas & Co. v. Hawthorne, supra, be adopted, the directed verdict in this case would not be justified since, in our opinion, the presumptions are in favor of appellant and there are some circumstances disclosed in the record other than the interest of the witnesses which tend to discredit their testimony.

In Pevehouse v. Oliver Farm Equipment Sales Co. et al., Tex.Civ.App., 114 S.W. 2d 658, this court held [page 663]: "It is also the settled law that the court should

not direct a verdict 'if, discarding all adverse evidence, and giving credit to all evidence favorable to the plaintiff, and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, a jury might have found in favor of the plaintiff.'"

█ Discarding the testimony of the individual defendant and the agent of the corporate defendant both of whom were interested, considering the presumptions arising from the facts disclosed by this record and the offer of Mr. Collins to pay the doctor's bill and repairs on the car, together with the admitted fact that Homer Young was at the time of the collision performing the same service for appellees that he did prior to October 2nd, and the absence of positive and unequivocal testimony that Young had not been directed by either of them to go and gather up the oil drums belonging to the Company, we are of the opinion that the court committed error in giving a peremptory instruction.

The judgment is reversed and the cause remanded.