**DAVIS v. MENDLOWITZ et al.**

No. 12443.

Court of Civil Appeals of Texas.
San Antonio.
Oct. 22, 1952.

J. F. Park, Robt. A. Sone, Corpus Christi, for appellant.

Harold Alberts, Corpus Christi, for appellees.

W. O. MURRAY, Chief Justice.

This suit was instituted by H. D. Davis against David S. Mendlowitz and wife, Kay Mendlowitz, and Fred W. Olander, seeking to recover for personal injuries alleged to have been sustained by him when he fell from a scaffold, on November 15, 1950, while working upon a dwelling being erected at 221 Airline Road in the City of Corpus Christi, Texas. The building was being erected as a home by the Mendlowitzes.

The Mendlowitzes answered and, among other things, alleged that they had let a contract to Fred W. Olander to construct their home; that he was an independent contractor and that Davis was not their em-

ployee but the employee of Olander. The Mendlowitzes filed a motion for summary judgment, which was granted, and a summary judgment was entered to the effect that H. D. Davis recover nothing from the Mendlowitzes; from which judgment H. D. Davis has prosecuted this appeal.

We are of the opinion that the trial court erred in granting summary judgment in this case. The motion for summary judgment, together with the supporting affidavit, when considered in the light of the affidavits of Davis and Olander, fails to show that there was no genuine issue of fact raised in this case. It is true that appellees had a written contract with Olander which showed on its face that Olander was an independent contractor, however, appellant stated in his affidavit that this contract was abandoned and that Olander was nothing more than a foreman. Olander's affidavit was to the same effect.

Appellant was not a party to this contract and it was in no way binding upon him. The burden was upon appellees to prove that Olander was an independent contractor. Thus a question of fact was raised as to the existence of the contract at the time appellant was injured.

Furthmore, appellant stated in his affidavit that regardless of the contract the appellees assumed absolute control of the building of their home and directed the details of its construction, and that he was injured as a result of the negligence of appellees. This again raises a question of fact. Even though the appellees entered into the contract with Olander in good faith and intended that he should be an independent contractor, if they in fact disregarded the contract and took full charge of the details of the construction and directed the mode and manner in which the work should be carried on, and if the appellant was injured as a result of the negligence of appellees, the existence of the written contract would be immaterial.

It is only where there is no genuine issue of fact that a summary judgment should be rendered. Haley v. Nickels, Tex. Civ.App., 235 S.W.2d 683; King v. Rubin-

sky, Tex.Civ.App., 241 S.W.2d 220; De la Garza v. Ryals, Tex.Civ.App., 239 S.W.2d 854; Sarnoff v. Ciaglia, 3 cir., 165 F.2d 167.

Accordingly, the judgment will be reversed and the cause remanded.