**Jerry K. SIMPSON, Plaintiff-Appellant,**

v.

**HOME PETROLEUM CORPORATION and Home Oil Corporation, Defendants-Appellees.**

No. 84–2420.

United States Court of Appeals, Fifth Circuit.

Sept. 12, 1985.

Ungar, Wheelahan & Dunn, Wiedemann & Fransen, A. Remy Fransen, Jr., New Orleans, La., Anthony E. Pletcher, Corpus Christi, Tex., for plaintiff-appellant.

Kathryn Snapka, Corpus Christi, Tex., for defendants-appellees.

Before JOHNSON, GARWOOD and HILL, Circuit Judges.

ROBERT MADDEN HILL, Circuit Judge:

Plaintiff-appellant Jerry Simpson brought this Texas diversity action against the lessee under an oil and gas lease, its parent, and the lessee's drilling consultant for injuries he received in a drilling rig accident as a result of the alleged negligence of the drilling consultant. Simpson appeals from a judgment in favor of the lessee based upon the jury's finding that the drilling consultant was acting not as an agent or an employee of the lessee but rather as an independent contractor. As a consequence, no *respondeat superior* liability could attach to the lessee and its parent. Concluding that the district court properly instructed the jury that Simpson had the burden of proving that the drilling consultant was not an independent contractor, we affirm.

I. *Factual and Procedural Background*

Simpson was employed by Well-Tech, Inc. (Well-Tech), as a tool-pusher on a Home Petroleum Corporation drilling rig near Alice, Texas.[1] On August 19, 1980, Simpson and other members of the Well-Tech crew were in the process of rigging up the rig floor. Bill Weems, Home's drilling consultant, instructed the crew, over Simpson's protests, to release the block from the kelly in order to use the block to lift and install recently arrived blow-out preventers. In the course of releasing the kelly from the block, the kelly shifted because it had not yet been stabilized. As a result, Simpson sustained an injury to his hand. After a series of operations, Simpson's hand, up to his wrist and excluding his thumb, was amputated.

Simpson sought recovery for his injuries from both Weems and Home. Weems settled with Simpson prior to trial; the action against Home, nevertheless, proceeded to trial. Simpson complained that Home's liability arose under the doctrine of *respondeat superior* as a result of the allegedly negligent acts of Weems, Home's alleged employee at the rig site. Home, however, contended that Weems' status was that of an independent contractor. Consequently, at trial the relationship between Weems and Home was a hotly contested one and the parties introduced much evidence relating to the employment status of Weems at the time of Simpson's accident.

In order to establish that Weems was an employee for whom Home would be responsible, Simpson introduced substantial evidence indicating that Weems held himself out as, and the rig workers understood him to be, Home's employee on the job. Simpson acknowledges in his brief on appeal, however, that this evidence does not show that degree of control of Weems by Home which would establish an employer/employee relationship. Nevertheless, Weems' duties as a "consultant," supervising the rig site on behalf of Home, were shown to be almost identical to the duties of "company men" employed directly by Home. Weems, who died before trial, but whose deposition testimony was presented, testi-

---

1. Home Oil Company, a subsidiary of Home Petroleum Corporation (collectively Home), operated the drilling rig upon which Simpson was injured, leased the oil and gas rights on land where the injury occurred and hired Well-Tech as the operator of the well.

fied, "I have been consulting on drilling rigs, primarily a few work-over rigs, mostly, in the past five years in the employ of Home Petroleum Corporation." He further testified that he was consulting as of January 1981 exclusively for Home and that he did not have any "agreements" with Home. Simpson offered additional testimony by oilfield experts indicating that "consultants" such as Weems are not truly independent, but rather are under the control of the oil company. This evidence tends to establish an employer/employee relationship between Home and Weems.

Home offered evidence indicating that Weems acted as an independent contractor, for whom Home would not be responsible. It established that Weems billed for his services on a monthly basis and, unlike the company men, that Home did not take out deductions from his paycheck. It also introduced an expert witness who testified that consultants like Weems work independently of rig operators such as Home. On cross-examination, however, the expert testified that a drilling consultant has somewhat less discretion than a drilling foreman to vary from Home's instructions in the well prognosis. All in all, this evidence tends to establish an employer/independent contractor relationship between Home and Weems.

At the close of the evidence, Simpson submitted to the district court a proposed jury charge which placed the burden upon Home to prove the existence of an indepen-

dent contractor relationship between Home and Weems.[2] Over Simpson's objection, the district court instructed the jury that the burden was on Simpson to prove by a preponderance of the evidence that Weems was acting as an employee of Home.[3] With these instructions in mind and considering the evidence relating to Weem's employment statute, the jury found that Weems acted as an independent contractor. The district court, relying upon Simpson's failure to satisfy the requirements of *respondeat superior*, then entered judgment that dismissed the action against Home.

## II. *Burden of Persuasion*

 In declining Simpson's requested charge, which places the burden upon Home to prove that Weems was an independent contractor, the district court recognized that Texas law controls this issue.[4] Many Texas decisions have held that one shown to be performing the work of another is "presumed" to be the latter's employee, with the result that the burden then shifts to the party asserting independent contractor status to make proof of the facts reflecting that relationship. Some of the language in these opinions is sufficiently broad that, if read in isolation, it could also be understood as encompassing the burden of persuasion. *See* Ray, *Texas Law of Evidence* § 96 (3d ed. 1980) (hereafter Ray). In each of these cases, however, not only was the issue of the burden of persuasion not before the appellate court, but the matter which the court was actually ad-

**2.** The proposed charge stated in pertinent part:
In the absence of evidence showing a different relationship between the parties, the fact that the alleged servant was performing services peculiar to the principal's business or affairs establishes prima facie that the relationship of master and servant exists between them.
The burden of proving lack of right of control is on the one claiming that exemption from liability, that is, Home Oil Company.

**3.** After defining "agent/employee" and "independent contractor," the court's first interrogatory stated:

If you find from a preponderance of the evidence that he [Weems] was acting as an employee, you will answer, "He was acting as an employee"; otherwise you will answer, "He was acting as an independent contractor."
The jury answered that Weems was acting as an independent contractor. Under the court's instruction, the jury was not called upon to answer any further interrogatories.

**4.** The question of which party bears the burden of proof on an issues before the jury is a question of Texas law. *Cities Service Oil Co. v. Dunlap*, 308 U.S. 208, 212, 60 S.Ct. 201, 203, 84 L.Ed. 196 (1939); *Erie Railroad Co. v. Tomp-*

dressing in its remarks concerning the "burden of proof" was the burden of going forward with evidence.[5] In the general area of presumptions and "burden of

kins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

5. In *Eagle Trucking Co. v. Texas Bitulithic Co.,* 590 S.W.2d 200, 211–14 (Tex.Civ.App.—Tyler 1979), *rev'd in part on other grounds,* 612 S.W.2d 503 (Tex.1981), the only independent contractor question presented on appeal was whether the trial court properly directed a verdict against the plaintiff in that respect, the holding of the Court of Civil Appeals, and of the Supreme Court, being that the directed verdict was proper. In *Stafford v. Thornton,* 420 S.W.2d 153, 158–59 (Tex.Civ.App.—Amarillo 1967, writ ref'd n.r.e.), the only pertinent question was the appellant's contention that "there was no evidence and insufficient evidence to impose liability upon him" because he claimed that the party at fault was his independent contractor rather than his employee. The court rejected this contention, since the work being done was appellant's, which gave rise to "a rebuttable presumption that the relationship of master and servant exists." The court then observed that this presumption was a sufficient basis for liability since, apart from it, there was "no evidence in this record to either prove or disprove the independent contractor relationship." *Id.* at 159. In *Hamilton v. Fant,* 422 S.W.2d 495, 501 (Tex.Civ.App.—Austin 1967, no writ), the only relevant claim on appeal was that "there was no evidence and insufficient evidence to support" the jury's finding that the worker was not an independent contractor, and that this finding "was contrary to the overwhelming weight of the evidence." In refusing to reverse on this basis, the appellate court specifically observed that "[a]ppellants ... did not object to submission of the issue in the form employed by the [trial] court"; that there "was no allegation and no contention that appellants' liability was of a vicarious nature"; and that the basis of appellants' liability was rather "that the landowner has a duty to give proper instructions even to an independent contractor for work done on the owner's property." *Id.*

In this Court's decision in *Morgan v. Freeman,* 715 F.2d 185, 188 (5th Cir.1983), the only pertinent question was whether the trial court's fact-finding "that Tavorn was an employee of Freeman Wholesale," rather than an independent contractor, was clearly erroneous. We held the finding was not clearly erroneous because it was "strongly supported by the evidence."

The leading case in this area is undoubtedly *Taylor, B. & H. Ry. Co. v. Warner,* 88 Tex. 642, 32 S.W. 868, 870 (1895), where the court, though reversing on other grounds, observed that a requested charge, exonerating the defendant railroad if *its engineer* controlled only the ultimate agreed results and not the details of the work of the negligent parties, had been properly refused "because it [erroneously] assumed that the contractors were not under the control of the railroad company if the engineer had no authority over them [other than as to agreed results]" and "it does not follow that, because the engineer had no other control than that stated, the railroad company itself did not have such control over the contractors as would make it liable." In the course of reaching this holding, the court made the following frequently quoted statement:

> Every person who is found performing the work of another is *presumed* to be in the employment of the person whose work is being done, and if the facts be such as to exempt the owner of the property improved, or the person for whom the work is being performed, from liability for the acts of those performing such work, it devolves upon him who claims such exemption *to make proof* of the terms of the contract, showing that the relation of master and servant did not exist. *Id.* (emphasis added).

Obviously, this refers not to the burden of persuasion, but to the burden of production of evidence—the burden "to make proof."

*See also, e.g., Ochoa v. Winerich Motor Sales Co.,* 127 Tex. 542, 94 S.W.2d 416, 418 (1936) (overturning a directed verdict that the negligent party was an independent contractor; quoting the above-set-out language from *Warner*); *Glazier v. Roberts,* 108 S.W.2d 829, 834 (Tex.Civ.App.—Fort Worth 1937, no writ) (no error in failing to instruct verdict on independent contractor issue); *Buckley v. Gulf Refining Co.,* 123 S.W.2d 970, 972 (Tex.Civ.App.—Amarillo 1939, writ dism'd jdgmt. cor.) (error in instructing verdict on independent contractor issue); *Texas Co. v. Freer,* 151 S.W.2d 907, 910–11 (Tex.Civ.App.—Waco 1941, writ dism'd jdgmt. cor.) (same); *Davis v. Mendlowitz,* 252 S.W.2d 996, 997 (Tex.Civ.App.—San Antonio 1952, no writ) (error to grant summary judgment that relationship was that of independent contractor); *Ford Motor Credit Company v. Draper,* 401 S.W.2d 848, 850–51 (Tex.Civ.App.—Texarkana 1966, no writ) (trial court's implied fact-finding of no independent contractor relationship sustained on basis of presumption arising from admission that wrongdoer was doing defendant's work since "[n]o [other] evidence was tendered on the issue"); *Roland Associates, Inc. v. Pierce,* 476 S.W.2d 758, 761 (Tex.Civ.App.—Beaumont 1972, no writ) (rejecting claim that no evidence supported implied finding of employee status); *Texas State Bank v. Elliott,* 533 S.W.2d 404, 406 (Tex.Civ.App.—Beaumont 1976, no writ) (same).

These cases, then, are *all* concerned only with whether or not the state of the evidence is such that a factual question is presented; and in resolving *that* issue, they rely on the *Warner* presumption and on the burden of going forward with evidence resulting therefrom. They do not concern themselves with who has the

proof," it is well-recognized that "ambiguous phraseology and terminology" abound. Ray, § 41.

Moreover,

> [i]t is now commonplace that the term 'burden of proof' is used in a double sense. It may mean either the burden of persuading the trier of the fact or the burden of introducing evidence. Much confusion would be eliminated if these or similar terms were constantly employed and the ambiguous word "proof" entirely discarded.

*Id.* (footnotes omitted).

■ It is recognized that as to any given issue the burden of persuasion and the burden of production of evidence generally both fall on the same party at the beginning of trial, that the burden of persuasion does not thereafter shift, but that the burden of production may shift back and forth as each side produces evidence, takes advantage of presumptions or the like. As explained in Ray:

> It is the generally accepted view of courts [citing twelve Texas cases in a footnote] and textbook writers, including Professors Wigmore and Thayer, that *the burden of persuasion never shifts.* We have already seen that considerations of fairness and policy based on experience ultimately determine which party shall have this burden on each issuable fact. These considerations are usually disclosed by the pleadings. Thus, *before the trial begins, the location of the burden is fixed.* The view that this burden never shifts, but remains upon the same party throughout the trial, is based upon considerations of practical convenience. *Id.* § 46 at 57–58 (footnotes omitted) (emphasis added).[6]

In contrast with *the accepted view that the burden of persuasion remains on the same party throughout the trial,* it is everywhere agreed that the other burden, i.e., the *burden of producing evidence* (called by the Texas courts the burden of introducing evidence, the burden of evidence, and the weight of the evidence), *may and often does shift* back and forth between the parties like a tennis ball in play.... A party cannot be sure beforehand when it will be cast upon him or when it will be discharged or the amount of kind of evidence necessary to remove it, except, of course, where a presumption has by precedent been given that effect.

This statement is subject to one qualification. *At the outset the burden will usually rest upon the party having the burden of persuasion. The Texas courts say that it continues on him until he makes out a prima facie case.* But when he establishes a prima facie case, the burden of evidence shifts to the opponent. The accuracy of these statements depends upon the sense in which 'prima facie case' is used.... It is therefore submitted that it would be more accurate to say: (1) The burden [of production] remains upon a party until he has satisfied the judge that his evidence is sufficient to go to the jury. (2) It shifts to or is cast upon the opposite party only when the proponent's evidence is sufficient to entitle him to a ruling that the opponent shall lose if he fails to come forward with evidence." fails to come forward with evidence. *Id.* § 47 at 60–62 (footnotes omitted) (emphasis added).

burden of persuasion, which is a question that arises *only after* it has been correctly determined that the record allows the fact finder to decide the issue either way, and then *only* if complaint is made of the *form* of the charge (or of the standard applied by the fact finder). *None* of these decisions presented any burden of persuasion issue.

6. Ray goes on to note a few discrete exceptions to the rule that the burden of persuasion never shifts, none involving *respondeat superior,* the

employee-independent contractor question, or anything similar thereto. *Id.* § 46 at 58–60. The only instances cited applicable to Texas civil litigation are legitimacy and will revocation. While *res ipsa* is given as an example applicable in other jurisdictions, *id.* at 59, nevertheless in Texas when the evidentiary elements of *res ipsa* are established "[t]he burden of persuasion is not shifted; only the burden of producing evidence is affected." *Id.* § 108 at 171; *Wichita Falls Traction Co. v. Elliott,* 125 Tex. 248, 81 S.W.2d 659, 664 (1935).

It cannot be doubted that at the beginning of trial the burden was on Simpson, in order to hold Home vicariously liable for Weems' negligence under *respondeat superior*, both to present evidence tending to show, and to persuade the jury of the existence of, that relationship between Weems and Home which the substantive law requires in order for the latter to be vicariously liable for the former's negligence.[7] The relationship required by the Texas substantive law for this purpose is the relationship of master and servant. As the court stated in *National Cash Register Co. v. Rider*, 24 S.W.2d 28, 30–31 (Tex.Comm'n App.1930, holdings approved):

> [T]he essential question to be determined is whether the employer had the right to exercise control over the details of the work.
>
> . . .
>
> It is not essential that the right be exercised. The real question is whether the right existed. The fact that Weeks was acting within the scope of his employment in performing an act for his master's benefit is, of course, a necessary one to be found in addition to the fact that the relationship of master and servant existed. In other words, these two facts must be found to have an existence in order to hold the master liable for the negligent act of the servant.

Similarly, in *American National Ins. Co. v. Denke*, 128 Tex. 229, 95 S.W.2d 370, 372 (1936), the court specifically approved the *Rider* case and stated the rule that "a master is liable for acts of his agent under the doctrine of respondeat superior *only* where the relationship of master and servant exists at the time...." (Emphasis added).

Of course, as *Rider, Denke, Newspapers, Inc. v. Love*, 380 S.W.2d 582, 585–86 (Tex.1964), and a host of other Texas decisions make abundantly clear, "right of control" is an essential component of the master-servant relationship. Accordingly, at the beginning of trial this is an issue on which the plaintiff has both the burden of persuasion and the burden of going forward with evidence. Where the plaintiff thereafter introduces evidence that the person alleged to be the defendant's servant was performing the defendant's work at the time in question, the presumption thereupon arises that the relationship of master and servant then existed, the burden of producing evidence is hence shifted to the defendant, and, if evidence is not introduced showing the relationship to be otherwise, that issue is conclusively established in the plaintiff's favor (just as it would be if the plaintiff proved by undisputed evidence that the contract between the parties gave the defendant the right of control).[8] But, under the foregoing principles, although the burden of production has shifted from the plaintiff to the defendant, the burden of persuasion never shifts, but remains where it was at the beginning of trial, on the plaintiff.

■ The same result obtains when we consider, as the Texas courts do, that proof that the alleged servant was performing

---

7. *See* Hodges, *Special Issue Submission in Texas* § 22 at 83 (1959):

> Thus, as a general rule, the essential elements of a cause of action must be found from a preponderance of the evidence, with the result that the burden of persuasion is on the plaintiff.
>
> Conversely the elements of the ordinary defense in the nature of confession and avoidance are required to be found by a preponderance of the evidence, with the result that the burden is on the defendant.
>
> But the rule as to elements of defense which are in the nature of inferential rebuttal is otherwise; here the burden of persuasion is upon the plaintiff. This is because the issues

on such defenses are designed to negative the existence of the elements of plaintiff's case. *Id.* at 82–83 (Footnotes omitted.)

8. *See McAfee v. Travis Gas Corporation*, 137 Tex. 314, 153 S.W.2d 442, 446 (1941):

> It is the settled law of this State that, in a negligence action, in which the defendant's liability to the plaintiff depends upon proof of master and servant relationship between the defendant and a third person, such relationship is prima facie established by showing that the alleged servant was performing services peculiar to the defendant's business or affairs on or about the latter's property.

the defendant's work at the time in question creates a "presumption" that the relationship of master and servant then existed. *See Taylor, B. & H. Ry. Co. v. Warner,* 88 Tex. 642, 32 S.W. 868, 870 (1895); *Ochoa v. Winerich Motor Sales Co.,* 127 Tex. 542, 94 S.W.2d 416, 418 (1936); *Hastey v. Humphries,* 576 S.W.2d 159, 162 (Tex. Civ.App.—Amarillo 1978, writ ref'd n.r.e.). What is the effect of such a "presumption" on the burden of persuasion, as distinguished from the burden of going forward with evidence? [9] Certainly the general rule is that although a presumption shifts the burden of going forward with evidence, it does *not* shift the burden of persuasion. We again turn to Ray for a clear statement of the relevant Texas rule:

> Or to put it as most courts do, the *presumption places upon the party against whom it operates the burden of producing evidence* sufficient to justify a finding of non-existence of the presumed fact. *This view* has been adopted by the new Federal Rules of Evidence and *is the established rule in Texas.* It has the distinct merit of being easily understood and easily applied during the trial of a case. Under this rule *where the opponent produces sufficient evidence to justify a finding against the presumed fact the presumption vanishes* and the situation is the same as it would have been had no presumption been created. Further, the evidence which gave rise to the presumption remains to be weighed by the trier and accorded its full probative value, the same as if no presumption had been recognized.
>
> *A necessary corollary of the rule that the sole effect of a presumption is to fix the burden of producing evidence is that a presumption can have no effect on the burden of persuasion. This view* supported by the authority of Thayer and Wigmore *has been accepted by most courts including those of Texas."*

Ray, § 53 at 76–79 (footnotes omitted) (emphasis added).[10]

■ Moreover, since on the introduction of evidence sufficient to sustain a finding contrary to the presumption,[11] the presumption "cannot stand," *Eagle Trucking Co. v. Texas Bitulithic Co.,* 590 S.W.2d 200, 212, *rev'd in part on other grounds,*

---

9. The *Hastey* opinion illustrates that this is a "presumption" of the usual kind:

> Fireplace's general denial required the Humphries and American Home to prove every material fact of their causes of action against Fireplace for negligence. *Boswell v. Handley,* 397 S.W.2d 213, 216 (Tex.1965). One of the facts to be proved was that the negligent acts pleaded were those of Fireplace's employees—*i.e.,* that the installers were subject to Fireplace's right to control the details of the work. *Newspapers, Inc. v. Love,* 380 S.W.2d 582, 589 (Tex.1964).
>
> The fact that the installers performed the work contractually undertaken by Fireplace created the presumption that the installers were in the employment of Fireplace, *Ochoa v. Winerich Motor Sales Co.,* 127 Tex. 542, 94 S.W.2d 416, 418 (1936), and, absent evidence to the contrary, would have compelled the jury to reach that conclusion. *Farley v. M M Cattle Company,* 529 S.W.2d 751, 756 (Tex. 1975). However, the presumption, which is not evidence, is rebutted by and cannot stand in the face of contrary evidence, *Combined American Insurance Company v. Blanton,* 163 Tex. 225, 353 S.W.2d 847, 849 (1962), although the facts giving rise to the presumption remain as a part of the evidence. *Robertson Tank Lines, Inc. v. Van Cleave,* 468 S.W.2d 354, 359 (Tex.1971).
>
> The testimony that the installers were paid by the unit and had discretion as to hours of labor is indicative, but not conclusive, of a freedom from Fireplace's control of the details of the installation, *Maryland Casualty Co. v. Kent,* 3 S.W.2d 414, 415–16 (Tex.Com.App. 1928), and is evidence contrary to the presumption. Thus, there is conflicting evidence on the status of the installers, and the court erred in refusing to submit this unresolved essential element of the causes of action."

576 S.W.2d at 162.

10. Again, Ray notes the discrete exception for legitimacy, observing:

> This exceptional treatment of the presumption of legitimacy can be justified by the strong considerations which support the presumption, i.e. (1) the difficulty of producing legally sufficient evidence, (2) a heavy preponderance of probability, and (3) a sound social policy.

Ray, § 53 at 80 (footnote omitted).

11. Of course, if no such sufficient evidence is introduced, then there is no issue for the jury.

612 S.W.2d 503 (Tex.1981); *Hastey v. Humphries*, 576 S.W.2d at 162, and "vanishes" from the case, *Empire Gas & Fuel Co. v. Muegge*, 135 Tex. 520, 143 S.W.2d 763, 767 (1940); Ray, § 53 at 77, so that there is thereafter "no presumption aiding the plaintiff," *Robertson Tank Lines, Inc. v. Van Cleave*, 468 S.W.2d 354, 358 (Tex.1971), how can such a presumption—which is no longer operative or even present—change or affect in any way the burden of persuasion? Of course, it cannot. In these circumstances, "the case will proceed as if no presumption exists." *Allred v. Harris County Child Welfare Unit*, 615 S.W.2d 803, 806 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). Obviously, then, the presumption, though it changes the burden of going forward with evidence, has no effect on the burden of persuasion.[12]

In *City of Houston v. Wormley*, 623 S.W.2d 692, 694 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.), the court considered the "presumption [which] arises that the driver was acting within the scope of his employment by the defendant when it is proved that the employer owned the vehicle and employed the driver." As to that presumption, which is clearly very similar to the presumption involved here, the court observed that it "disappears from the case" when rebutted by positive contrary evidence and, most significantly: "The plaintiff retains the burden of proof throughout the trial, and it is only the burden of going forward which shifts as a result of the presumption." *Id.* at 694.

Finally, as we have noted, the existence of a master-servant relationship is a necessary part of the plaintiff's case when recovery is sought on a *respondeat superior* theory, and in that regard "the essential inquiry is whether or not the employer has the contract right to control the opposite contracting party in the details of the work to be performed." *Newspapers, Inc. v. Love*, 380 S.W.2d at 591. Such a right to control is a prerequisite of the master-servant relationship.[13] Conversely, the absence of such a right of control is a prerequisite of an independent contractor relationship. Master-servant and independent contractor are thus opposite sides of the same coin; one cannot be both at the same time with respect to the same activity; the one necessarily negatives the other, each depending on opposite answers to the same right of

---

**12.** Since the presumption disappears, it is not proper to instruct on it. *Sanders v. Davila*, 593 S.W.2d 127, 130 (Tex.Civ.App.—Amarillo 1980, writ ref'd n.r.e.); *Hailes v. Gentry*, 520 S.W.2d 555, 559 (Tex.Civ.App.—El Paso 1975, no writ). As stated by Ray:

> Whether the jury should be instructed as to a presumption must in the last analysis depend upon the effect to be accorded to the presumption. Under the more generally accepted view (*and the Texas view*) that the *sole* effect of a presumption is to fix the burden of producing evidence, obviously presumptions are nothing more than rules for the guidance of the trial judge in locating the burden at a particular time.... Thus it would seem to logically follow that no instruction to the jury is required."

Ray, § 57 at 91–92 (footnote omitted).

If the vanished presumption is not to be instructed on, how can it justify an instruction placing the burden of persuasion on a party who would not otherwise bear it?

**13.** The absence of the requisite right to control is raised by the general denial, and is not a confession and avoidance defense. *Hastey v. Humphries*, 576 S.W.2d at 162. *See City of*

*Houston v. Wormley*, 623 S.W.2d 692, 694–95 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.) (scope of employment); *Cleere v. Blaylock*, 605 S.W.2d 294, 296 (Tex.Civ.App.—Dallas 1980, no writ) (agent's authority). *See also Denke; Rider; Love.* Cf. Tex.R.Civ. P. 94 (listing affirmative defenses, and not including the assertion that one alleged to be a servant was instead an independent contractor).

While affirmative pleading of an inferential rebuttal is required for submission of a separate special issue thereon (*i.e.,* an issue additional to the one to be thereby rebutted), this pleading requirement does not convert the inferential rebuttal to a confession and avoidance defense or alter the burden of persuasion. *See* Tex.R.Civ. P. 279 ("[A] party shall not be entitled to an affirmative submission of any issue in his behalf where such issue is raised only by a general denial and not by an affirmative written pleading on his part. Nothing herein shall change the burden of proof from what it would have been under a general denial."). *See also* note 7, *supra,* and note 14 and accompanying text, *infra.*

control inquiry. It logically follows that "independent contractor" status is an inferential rebuttal of the "master-servant" status which is necessary to the imposition of vicarious *respondeat superior* liability. This was expressly recognized by the Texas Supreme Court in *Newspapers, Inc. v. Love*, 380 S.W.2d at 585, where the court stated: "Special Issue No. 2 was *an inferential rebuttal issue* embodying petitioner's [defendant's] theory that Cargile [the negligent individual alleged to be defendant's servant] was an independent contractor." (Emphasis added).

It is settled in Texas that the burden of persuasion on inferential rebuttals—that is to say, on factual theories of the case which are inconsistent with the elements of the plaintiff's cause of action—is on the plaintiff. *See, e.g., Dallas Railway & Terminal Co. v. Guthrie*, 146 Tex. 585, 210 S.W.2d 550, 552 (1948); *Hicks v. Brown*, 136 Tex. 399, 151 S.W.2d 790, 793 (1941); *Heard & Heard v. Kuhnert*, 155 S.W.2d 817, 820–21 (Tex.Civ.App.—San Antonio 1941, no writ). As stated in Hodges, *Special Issue Submission in Texas* (1959):

> It is well established that where defendant asserts a fact inconsistent with some essential element of plaintiff's cause of action the burden should be placed upon the plaintiff to secure a finding favorable to him on the issue submitting the rebutting fact, because the rebutting fact constitutes a denial of the plaintiff's cause of action.

*Id.* § 32 at 90–91 (footnote omitted).[14]

It comes as no surprise, then, that the crucial special issues in *Love*—which are set out in full in the Supreme Court's opinion—placed the burden of persuasion on the plaintiff both to establish the master-servant relationship and to negative the independent contractor relationship. Since the Supreme Court's opinion concerned itself with the wording of these issues, and since they were quoted in full in the opinion, it seems evident that if they misplaced the burden of persuasion the Supreme Court would have at least made some comment or disclaimer in that regard. Plainly, however, it regarded the form of the issues as wholly unremarkable in this respect. The reason for this is obvious from the opinion—the court expressly recognized that the independent contractor issue was a defendant's inferential rebuttal issue. As above-noted, on such an issue the plaintiff has the burden of persuasion.

Neither of the parties have cited, nor has our research disclosed, any Texas decisions that are directly in point.[15] The Supreme

---

**14.** *See also* note 7, *supra*, and Hodges, § 17 at 44–45:

[T]he burden of producing evidence, *i.e.*, the risk that submission of the issue may be denied for lack of evidence, is upon the party seeking submission of the inferential issue....

Although, as suggested above, the burden of producing evidence is upon the party relying on an inferential-rebuttal issue, the burden of persuasion on the issue when submitted is upon the opponent.... The issue inquiring whether the conduct of a third person was not the sole proximate cause is one relied upon by the defendant. It is a defensive issue, but the burden of persuasion is upon the plaintiff to disprove the fact inquired about in this inferential rebuttal issue, along with the burden of proving the existence of defendant's negligence as a proximate cause of plaintiff's injuries.

Of course, we recognize that Texas has abandoned its former practice of submitting separate inferential rebuttal special issues. *See* Tex.R. Civ. P. 277 ("Inferential rebuttal issues shall not be submitted."). But obviously this does not authorize the submission of such an issue with the burden of proof *mis*placed. *Cf.* Tex.R.Civ. P. 279. The question here is not whether the inquiry should be separately made; rather, the question is, assuming the inquiry is made, on whom does the burden of persuasion properly lie.

**15.** *Texas Pattern Jury Charges* (1969) has three different forms of submission. Pattern Jury Charge 4.03 submits "employee" and "independent contractor" disjunctively in a single issue, with an accompanying definition of each term utilizing the right to control test and with the burden of persuasion being on the party asserting "employee" status (*i.e.*, the plaintiff). This was precisely the form of charge employed by the district court here. No objection was made to the disjunctive nature of the submission as such.

Pattern Jury Charge 4.04 submits the issue of "employee" status, with a definition incorporating the right to control test and with the burden

Court's opinion in *Love,* and that of the Court of Civil Appeals in *Wormley,* come the closest. The cases relied on by Simpson, and some of those cited in note 5, *supra,* do use the term "burden of proof" or "burden of proving," but, as we have seen, this is a term used in two different senses. The question on appeal in all those cases, and the question which those opinions purported to address in employing the "burden" terminology, was the burden of production, not of persuasion. *See supra* note 5. These are very different concepts in Texas law.

An extension of these cases to cover the burden of persuasion should be rejected because as applied to the issue before us any such extension would be inconsistent with three fundamental, generally applicable principles of Texas law respecting the burden of persuasion: (1) the burden of persuasion does not shift; (2) presumptions do not affect the burden of persuasion; (3) with respect to a defendant's inferential rebuttal assertion, the burden of persuasion is on the plaintiff. We can discern no basis under Texas law in principle or authority to create a special exception for *respondeat superior* cases. The district court properly placed upon Simpson the burden of proving that Weems was not Home's independent contractor.

The judgment of the district court is AFFIRMED.

of persuasion on the party claiming employee status (*i.e.,* the plaintiff).

Pattern Jury Charge 4.05 submits the issue of independent contractor with an accompanying definition incorporating the right to control test. Here, however, the burden of persuasion is on the party asserting independent contractor status (*i.e.,* the defendant).

Thus, in two of the three forms of submission presented, including the form employed by the district court here, the party (the plaintiff here) asserting that there was the right to control the details of the work has the burden of persuasion.