COLEMAN, Justice,
dissenting:
¶ 40. Burden of proof is a broad phrase, and its meaning encompasses at least two subsets — the burden of persuasion and the burden of production. The majority’s analysis and result would be correct were the issue in the case the burden of persuasion — which never left USAA as to its affirmative defense. However, the burden of production did indeed move to the plaintiff once USAA produced competent evidence supporting its affirmative defense. Because I believe the .majority wrongly conflates the two different burdens in a way that leads to an incorrect result and statement of the law, I respectfully dissent.
¶ 41. There exist at least two categories of burdens of proof, “the device to compel evidence and the device to deal with uncertainty,” and until the end of the nineteenth century courts indeed referred to both with the single phrase “burden of proof.” See 21B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, Evidence § 5122 (2d ed.1987).[11] However, in later decades various terms emerged for them as it became clear that distinction between the two indeed had a difference. Id. “One burden is that of producing evidence, satisfactory to the judge, of a particular fact in issue. The second is the burden of pérsuading the trier of fact that the alleged fact is true.” McCormick on Evidence § 336 (Kenneth S. Broun, et al., eds., 7th ed.2013).
¶ 42. We ascribe standards of proof to the burden of persuasion, e.g., beyond a reasonable doubt and by a preponderance of the evidence, because in doing so courts and legislatures can match the difficulty of the burden to the importance of any public policies that might be affected. 21B Fed. Prac. & Proc., Evid. § 5122 (2d ed.1987). The standards of proof reflect that one party — usually the plaintiff but the defen *648 dant in most affirmative defenses — must persuade the trier of fact of the truth of disputed facts to the assigned degree. Id.
¶ 43. The burden of production, on the other hand, differs significantly in nature. It “refers to the obligation of the party to produce enough evidence at trial to justify sending the case to the jury.” Id. “The party who fails to satisfy [the burden of production] will be sanctioned by the court’s entry of a directed verdict in favor of her opponent.” Id.; see also McCormick on Evidence § 336 (Kenneth S. Broun, et al., eds., 7th ed. 2013) (“The burden of producing evidence is a critical mechanism in a jury trial, as it empowers the judge to decide the case without jury consideration when a party fails to sustain the burden.”). Wright and Miller list the following distinctions between the burdens of persuasion and production:
• The burden of production is in the hands of the judge; the jury enforces the burden of persuasion.
• The sanction for failure to carry the burden of production is a directed verdict for the adversary; the sanction for failure to carry the burden of persuasion is a jury verdict for the opposing party.
• The judge must instruct the jury on the burden of persuasion; the jury never need hear about the burden of production.
• The burden of production can arise each time the party with the production burden rests which may be several times during the trial; the burden of persuasion comes into play only once — when the case is submitted to the jury.
• Since it can only arise once, it is sometimes said that the burden of persuasion never shifts. On the other hand, •writers suppose that the burden of production can shift back and forth as the parties take turns introducing evidence ....
• Finally, the two burdens of proof are related in that the burden of production normally falls on the party with the burden of persuasion. On the other hand, unless the burden of production is satisfied, the burden of persuasion will never arise because the judge will take the case from the jury.
21B Fed. Prac. & Proc., Evid. § 5122 (2d ed.1987) (citations omitted).
¶ 44. “It is recognized that as to any given issue the burden of persuasion and the burden of production of evidence generally both fall on the same party at the beginning of trial, that the burden of persuasion does not thereafter shift, but that the burden of production may shift back and forth as each side produces evidence, takes advantage of presumptions or the like.” Simpson v. Home Petroleum Corp., 770 F.2d 499, 503 (5th Cir.1985). “[I]t is everywhere agreed that the other burden, i.e., the burden of producing evidence ..., may and often does shift back and forth between the parties like a tennis ball in play....” Id. (quoting Ray, Texas Law of Evidence § 46 (3rd ed.1980)).
¶ 45. As noted above, not many Mississippi eases discuss the distinction between the burdens of production and persuasion, but our courts have not left the tablet wholly blank. We have, for example, used the two phrases in a manner consistent with the above discussion in cases involving will contests. In Clardy v. National Bank of Commerce of Mississippi, 555 So.2d 64 (Miss.1989), we wrote:
Once the proponent has shouldered his burden of production such that he has made out a prima facie case, the burden of production shifts to the contestants. What is critical for present purposes is that the burden of persuading the trier *649 of fact on the issues of due execution and testamentary capacity rests on proponent throughout and never shifts to the contestants.
Id. at 66. The idea of having two types of burden of proof — one which shifts and the other which cannot — is not wholly new to Mississippi law.[12]
¶ 46. Turning to the case sub judice, I agree with the majority’s analysis as applied to the burden of persuasion, but I disagree that the burden of production does not shift. In holding that Mississippi prohibits burden — shifting, the majority relies upon the following language from Corban v. United Services Automobile Association, 20 So.3d 601 (Miss.2009):
This Court finds that with respect to the “all-risk” coverage of “Coverage A-Dwelling” and “Coverage B-Other Structures,” the Corbans are required to prove a “direct, physical loss to property described.” Thereafter, USAA assumes the burden to prove, by a preponderance of the evidence, that the causes of the losses are excluded by the policy, in this case, “[flood] damage.” USAA is obliged to indemnify the Corbans for all losses under “Coverage A-Dwelling” and “Coverage B-Other Structures” which USAA cannot establish, by a preponderance of the evidence, to have been caused or concurrently contributed to by “[flood] damage.”
Id. at 619 (¶ 51). It is clear that the Corban Court, in writing about the burden of proving facts by a “preponderance of the evidence” referred to what has come to be known over the past century or more as the burden of persuasion, discussed above. Standards of proof do not apply to the burden of production. 21B Fed. Frac. & Proc., Evid. § 5122 (2d ed.1987).
¶ 47. With respect, the majority again misses the importance of the distinction when it refuses to find persuasive the Fifth Circuit’s opinion in Bayle v. Allstate Insurance Co., 615 F.3d 350 (5th Cir.2010). Clearly, when the Bayle Court "wrote that the burden shifted to the insured “to present evidence demonstrating there remains] a material issue of fact,” Id. at 359 (emphasis added), it wrote of the burden of producing evidence and not the burden of persuading the finder of fact.
¶48. The majority incorrectly writes that the argument of State Farm in Broussard v. State Farm Fire and Casualty Co., 523 F.3d 618 (5th Cir.2008), mirrored that of USAA here. In Broussard, the trial court granted a directed verdict against State Farm, and State Farm argued that it had produced evidence that created an issue of fact. Id. at 625. State Farm was not arguing that it had met its burden of production and that the plaintiffs had failed to produce evidence creating an issue of fact, which is USAA’s argument in the instant case. In any event, when making its Erie guess regarding the correct burdens of proof, the Broussard Court relied on “the rule that causation is a fact question for the jury.” Broussard, 523 F.3d at 627. Accordingly, the Broussard Court concerned itself primarily with the burden of persuasion. The jury never concerns itself with the burden of production. 21B Fed. Proc. & Proc., Evid. § 5122 (2d ed.1987).
¶ 49. When the trial judge stated his understanding that “the plaintiff should have to had to put on something to show it was other than surge,” he was not incor *650 rectly reassigning the burden of persuasion. He did not say he would require the plaintiffs to convince the jury by a preponderance of the evidence that conflicting evidence showed the damage was caused by something other than surge. Rather, he was correctly observing that when the insurer provided credible proof of causation, the burden of production of evidence moved to the plaintiff to create an issue of fact. DeLaughter v. Womack, 250 Miss. 190, 211-212, 164 So.2d 762, 771 (1964) (after plaintiff made out prima facie case of negligence, defendants were required to produce evidence to the contrary), overruled on other grounds by Hall v. Hilbun, 466 So.2d 856, 866 (Miss.1985); see also McCormick on Evidence § 386 (Kenneth S. Broun, et ah, eds., 7th ed. 2013) (“Clearly, the principal significance of the burden of persuasion is limited to those cases in which the trier of fact is actually in doubt [as to the truth of a disputed fact issue]”). Because the plaintiff failed to produce competent, contrary evidence, there existed no disputed facts as to which the trier of fact needed to be persuaded by a preponderance of the evidence. The trial court correctly analyzed that the plaintiffs had not done so, that no issues of material fact existed for the jury, and entered judgment in favor of the insurer as required by law.
¶ 50. Although I agree with the majority’s analysis of the other issues raised by the appellants, pursuant to the above analysis I would affirm the trial court. Accordingly, I dissent.
DICKINSON, P.J., JOINS THIS OPINION.

. We often cite with approval Wright and Miller’s encyclopedic work on federal civil procedure. See Indemnity Ins. Co. of North America v. Guidant Mut. Ins. Co., 99 So.3d 142, 154 (¶ 34) (Miss.2012) (citing Wright and Miller for the proposition that oral testimony may be admitted at a hearing on a motion for summary judgment); Jackson Public Sch. Dist. v. Head, 67 So.3d 761, 767 (¶ 23) (Miss.2011) (citing Wright and Miller to support holding that, in the context of a motion to dismiss for want of prosecution, any prejudice resulting from the delay must be weighed against the preference for a decision on the merits); see also Calvert v. Griggs, 992 So.2d 627, 631-632 (¶ 10) (Miss.2008). Finding a paucity of cases from our own state's jurisprudence explaining the difference, I now turn to their thorough treatment of the history and practical effects of burdens of proof and presumptions.

. Accordingly, elucidating the distinctions is not a mere scholarly pursuit based only on federal civil procedure, but it is a more full explication of something that already exists, obscured in the background though it may be, in our state’s jurisprudence and must be fully understood to reach the correct holding in the case sub judice.